Putnam *v.* Clark.

## Adah A. Putnam

*v.*

## Lydia A. Clark et al.

Where defendants, in good faith, sever in their answers, each one may be allowed his costs, although they all may have employed the same solicitor.

Question of costs.

*Mr. C. H. Hartshorne*, for complainant.

*Mr. C. L. Corbin*, for Mrs. Clark and the executors.

The Chancellor.

The defendants, Mrs. Clark and the executors of her husband (of whom she is one), appeared by the same firm of solicitors, who filed for them their respective answers. The complainant insists that therefore there should be taxed only one bill of costs instead of two on the part of the defendants. She also insists that the executors who filed a cross-bill ought not to be allowed costs thereof. The executors were not parties to the bill as originally filed, but became so by order made on their petition. Whether separate bills of costs will be allowed where parties defendant who might have joined in their defence choose to sever, will depend on the apparent fairness of such action. If the course complained of appears to have been adopted in good faith, there is no reason why separate bills of costs should not be allowed. The costs are awarded to the client, and there seems no good reason why he should be debarred from receiving them, merely becauses he chooses to employ a solicitor who is already employed for another party in the suit, with whom he may join, but with whom, perhaps, he is not disposed to associate in his defence. And, on the other hand, it is not apparent why the

complainant should reap any advantage from the mere fact that two or more of the defendants who sever in their defence appear by the same instead of different solicitors. If defendants appear by different solicitors, for the purpose of increasing the costs, and sever, when in fairness they ought to join, the court will see to it that they receive no costs of their proceedings so far as they are unfair. In the case in hand there is no ground for complaint, because Mrs. Clark and the executors severed in their defence, and they are entitled to their separate bills of costs. Objection is also made, as before stated, to the costs of the cross-bill which was filed by the executors. That bill was a defence. It was filed to set up a claim of equitable lien for taxes &c., paid on the property, to which the estate of Mr. Clark would be entitled if the complainant was successful in her suit. The executors are entitled to the costs of it.